# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3943

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Ben Cafaro, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 11, 2000
Filed: January 24, 2000

_____

Before BOWMAN and LOKEN, Circuit Judges, and ALSOP,[1] District Judge.

_____

PER CURIAM.

Benjamin J. Cafaro entered a conditional plea of guilty on one count of participating in a conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. Having been sentenced, he appeals, attacking his conviction by arguing that the District Court erred by failing to afford him a hearing under Franks v. Delaware, 438 U.S. 154 (1978), in connection with his motion to suppress wiretap evidence. Cafaro argues that a Franks hearing was required because the affidavit that

_____

[1]The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota, sitting by designation.

supported the government's wiretap application contained a material misstatement of fact. He also argues that the offer of proof he submitted in support of his motion for a <u>Franks</u> hearing refuted the showing made in the government's affidavit that other investigative techniques had been tried, but had failed.

We reject Cafaro's arguments. The statement Cafaro complains about averred, in substance, that normal investigative techniques, having been tried, had failed, and that it appeared unlikely that such techniques would be successful in obtaining evidence in the future. This was a summary statement, placed toward the end of the supporting affidavit, which already had detailed the investigative techniques that had been tried without success and had explained why those techniques were not successful. In addition, Cafaro's offer of proof and the suggestions it contained for successfully conducting a wiretap-free investigation were effectively rebutted by the government's affidavit. Among other things, Cafaro's suggestions, if implemented, would not have led the government to out-of-state suppliers, a stated objective of the government's application for authorization to conduct the wiretap.

Finding that Cafaro's arguments lack merit, we conclude the District Court did not err in denying Cafaro's request for a <u>Franks</u> hearing. Accordingly, Cafaro's conviction is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.